### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOAN MILLER and DAVID MILLER,<br>*Plaintiffs*, | § § § | |
| v. | § § | |
| HOMECOMINGS FINANCIAL, LLC,<br>GMAC MORTGAGE, LLC, BANK OF<br>NEW YORK MELLON TRUST CO., DON<br>LEDBETTER, PATRICIA POSTON,<br>GABRIEL OZEL, and PITE DUNCAN,<br>LLP,<br>*Defendants*. | § § § § § § § § | CIVIL ACTION NO. 4:11-CV-04416 |

## MEMORANDUM AND ORDER

This is a suit to prevent foreclosure of real property. Defendants Homecomings

Financial, LLC ("Homecomings"), GMAC Mortgage, LLC ("GMAC"), and Bank of New

York Mellon Trust Company ("Mellon") have moved to dismiss for failure to state a claim

(Dkt. 6). The motion is denied, although plaintiffs are directed to replead several of their

causes of action as explained below.

## Background[1]

In April 2003 Plaintiff Joan Miller took out a home equity loan from lender

Homecomings Financial Network, Inc.[2] in the amount of $184,800, secured by a home equity

---

[1] These facts are taken from Plaintiffs' Original Petition, and are assumed as true for purposes of this 12(b)(6) motion.

[2] The record is not clear whether this entity is the same as the named defendant Homecomings Financial, LLC, or, assuming they are not the same, how they are related to one another, if at all.

lien duly filed in the county clerk's office of Montgomery County, Texas. (Dkt. 1-1, Ex. B). On July 19, 2007, Joan Miller conveyed her interest in the property to plaintiff David Miller[3] by special warranty deed, also duly recorded. (Dkt. 1-1, Ex. C). Subsequently, plaintiffs "ran in to financial hard times," and on June 10, 2011 defendant Mellon obtained an order under Texas Rule of Civil Procedure 736 to proceed with a foreclosure sale under Texas Property Code § 51.002. (Dkt. 1-1, Ex. E). Earlier that year Mellon had received an assignment of a deed of trust on the property from "JPMorgan Chase Bank as Trustee, c/o Residential Funding Corporation," also filed with the county clerk (Dkt. 1-1, Ex. G). However, there is no indication that the original lender, Homecomings Financial Network, Inc., ever assigned the note or security interest to Chase, Mellon, or anyone else.

Plaintiffs brought this suit in state court for declaratory judgment and an injunction preventing foreclosure on October 28, 2011. They argue that defendants lack the authority to foreclose because they cannot show proper chain of title of the note and security instrument. (Dkt. 1-1). The state court issued a temporary restraining order on December 1, 2011. Defendants removed the case to federal court on December 15, 2011 (Dkt. 1), and the parties have consented to magistrate judge jurisdiction. (Dkt. 13).

### Standard of Review

Rule 12(b)(6) allows a court to dismiss a plaintiff's complaint if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) dismissals

---

[3] The petition does not describe the relationship, if any, between the two named plaintiffs.

are proper only if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. It is the plaintiff's responsibility to actually "plead specific facts, not mere conclusional allegations, to avoid dismissal." *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). When the plaintiff does plead such specific facts, the court must assume that they are true, *Twombly*, 550 U.S. at 555, and draw all reasonable inferences from them in the plaintiff's favor. *Elsensohn v. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371–72 (5th Cir. 2008). As a general rule courts must "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

## Analysis

Plaintiffs raise a number of theories of relief in their Original Petition, all of which are premised on the same basic contention: that none of these defendants have the authority to foreclose on plaintiffs' property. The institutional defendants move for dismissal under Rule 12(b)(6) essentially on three grounds: (1) plaintiffs' claim that defendants lack the

authority to foreclose is not based on a cognizable legal theory; (2) plaintiffs have no standing to contest the assignment by which Mellon claims the right to foreclose; and (3) plaintiffs' other state law causes of action are also insupportable as a matter of law.

1. *A Cognizable Legal Claim*

Texas recognizes a claim for wrongful foreclosure. *See, e.g., League City State Bank v. Mares,* 427 S.W. 2d 336 (Tex. Civ. App.– Houston [14th Dist.] 1968) (affirming judgment holding bank liable for wrongful foreclosure).  Texas courts also permit debtors to sue for injunctive and declaratory relief to prevent wrongful foreclosure. *See e.g., Martin v. New Century Mortgage Co.,* ___ S.W. 3d ___, 2012 Tex. App. LEXIS 4705 at *3 (Tex. App. – Houston [1st Dist.] June 14, 2012); *Wells Fargo Bank, N.A. v. Ballestas,* 355 S.W. 3d 187, 189-90 (Tex. App.– Houston [1st Dist.] 2011, no pet.); *Leavings v. Mills,* 175 S.W. 3d 301, 306 (Tex. App.– Houston [1st Dist.] 2004, no pet.); *see also* TRCP 736.11 (providing for automatic stay of foreclosure proceedings upon filing of an original proceeding in a court of competent jurisdiction contesting the right to foreclose).

Debtors may challenge a foreclosure sale on various grounds: no default in payment by the debtor, *Slaughter v. Qualls,* 162 S.W. 2d 671, 675 (Tex. 1942); violation of the conditions and limitations of the trustee's power of sale under the deed of trust (*id.*); non-compliance with the statutory notices and other requirements for a non-judicial sale, *Lido Intern., Inc. v. Lambeth,* 611 S.W.2d 622 (Tex. 1981); and , most significantly for the present case,  no "contractual standing" by the party seeking to foreclose, *Martin,* 2012 Tex. App.

LEXIS 4705 at *3.

Under the Texas Property Code, the only party with standing to initiate a non-judicial foreclosure sale is the mortgagee,[4] or the mortgage servicer acting on behalf of the current mortgagee.[5] Determining mortgagee status is easy when the party is named as grantee or beneficiary in the original deed of trust, mortgage, or contract lien. But factual disputes may arise when the party seeking to foreclose is not the original mortgagee, as is most often the case these days. In such cases the foreclosing party must be able to trace its rights under the security instrument back to the original mortgagee. *Leavings v. Mills,* 175 S.W.3d 301, 310 (Tex. App. – Houston [1st Dist.] 2004, no pet.).

One way the foreclosing party can do this is by showing that it is the "holder" of the note secured by the deed of trust. "A person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation." *Leavings* 175 S.W.3d at 309. Negotiation is the "transfer of possession of the instrument . . . by a person other than the issuer to a person who thereby becomes a holder." Tex. Bus. & Com.

---

[4] Mortgagee is defined as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or ( C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." § 51.0001(4). In other words, there are several ways by which an entity can acquire mortgagee status with the power to foreclose. In this case, Mellon asserts that it has the right to foreclose as the owner of deed of trust by virtue of an assignment from a third party.

[5] A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by the security instrument." Tex. Prop. Code § 51.0001(3). A mortgagee may be the mortgage servicer. *Id.* A mortgage servicer may administer the foreclosure on behalf of the current mortgagee provided there is a servicing agreement disclosed to the debtor along with the other required notices. § 51.0025.

Code Ann. § 3.201. If the instrument is payable to an identified person, negotiation requires both transfer of possession and written indorsement by the holder. *Id.* at § 3.201(b). In order to enforce the note as a holder, a party who is not the original lender must prove "successive transfers of possession and indorsement" establishing an "unbroken chain of title." *Leavings,* 175 S.W.3d at 310. Thus, with certain exceptions,[6] possession of the note is typically required in order for a holder to enforce it. *Millet v. JP Morgan Chase, N.A.*, 2012 WL 1029497 at *3 (W.D. Tex. 2012).

Standing to foreclose may also be shown by proof that the foreclosing party is the "owner" of the note under common law principles of assignment. *Martin,* 2012 Tex. App. LEXIS 4705 at *11. The owner of a note need not be a holder, because the two issues are separate and distinct. *SMS Financial, LLC v. ABCO Homes, Inc.,* 167 F.3d 235, 239 (5th Cir. 1999). A person not identified in a note who is seeking to enforce it as the owner must prove the transfer by which he acquired the note. *Leavings,* 175 S.W. 3d at 309. Such a transfer may be proved by testimony as well as by documentation. *Preismeyer v. Pacific Southwest Bank, F.S.B.,* 917 S.W.2d 937, 939 (Tex. App. – Austin 1996). In such cases a party is "required to prove the note and an unbroken chain of assignments transferring to him the right to enforce the note according to its terms." *Leavings,* 175 S.W. 3d at 310. An unexplained gap in the chain of title may present a fact issue on the question of ownership.

---

[6] The owner of a lost note may foreclose on property securing a debt, if there is evidence showing why the missing note cannot be produced and what its terms were. *See O.J. & C. Co. v. Johnson,* 1997 WL 167866 at *4 (Tex.App.– Houston [1ˢᵗ Dist.] 1997).

*See Martin*, at *12;   *First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 428-29 (Tex.App.– San Antonio 1995, writ denied); *Jernigan v. Bank One, Tex., N.A.*, 803 S.W.2d 774,777 (Tex.App.–Houston [14th Dist.] 1991, no writ).

As a matter of Texas law, then, homeowners such as the Millers do have a cognizable cause of action[7] to challenge a party's right to foreclose on their property.  In their motion, defendants ignore this well-established Texas precedent, and focus instead on recent federal court decisions dealing with a legal theory dismissively dubbed as "show me the note." *See, e.g., Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *2 (W.D. Tex. April 26, 2011).  Those cases are correct, so far as they go.  As discussed above, holding the original note is one way to establish the right to foreclose, but it is not the only way.  *See, e.g., Crear v. JP Morgan Chase Bank N.A.*, No. 10-10875, 2011 WL 1129574 (5th Cir. Mar. 28, 2011) (Texas Property Code allows a  mortgage servicer to administer a deed of trust foreclosure without producing the original note).  Defendants contend that plaintiffs' petition is based on nothing more than the legal theory rejected by those cases.

While plaintiffs' petition at one point (¶ 24) does suggest that possession of the original note is a necessary rather than a sufficient basis to foreclose, the balance of their pleading (¶¶ 19-23, 26) is broader than that.  The crux of plaintiffs' claim is that none of the defendants can show a proper chain of title to establish a right to foreclose under the Texas Property Code as mortgagee or mortgage servicer.  It is undisputed that defendant Mellon,

---

[7] Variously termed wrongful foreclosure, trespass to try title, or quiet title.

which obtained the order to proceed with the foreclosure, was neither the original lender or mortgagee. Instead, Mellon claims to be the current mortgagee by virtue of an assignment from a third party dated January 25, 2011. (Dkt. 1-1, Ex. G). Plaintiff claims (¶ 19) that there is no public record of any assignment or transfer to that third party (or anyone else) from the original mortgagee.

The traditional way to prove chain of title is via filings of record in the county clerk's office. The Texas Property Code provides that "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record" is the mortgagee. § 51.001(4)(C). A Texas statute declares that any transfer or assignment of a recorded mortgage must also be recorded in the office of the county clerk:

> To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person *must* file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

Texas Local Government Code § 192.007(a) (emphasis added.)  No reported case has interpreted this 1989 law. The legal consequences of failing to comply with this statutory command are unclear, and the subject of current litigation. *See Dallas County v. Merscorp, Inc.,* 11-CV-2733 (N.D. Tex.). In any event, the absence of such required filings is arguably some evidence that no such assignment or transfer has occurred, as the plaintiffs here contend.

It is true, as Mellon notes, that the last assignment of the deed of trust, from JP Morgan Chase to Mellon, was filed and recorded in the county clerk's office. But that is only one link in a chain of unknown length, and does nothing to bridge the remaining gap to the original lender. If Mellon's assignor had no valid rights in the note or deed of trust, then no such rights were conveyed to Mellon by the assignment.[8] When a party seeking to foreclose fails to show an unbroken chain of title, then the homeowner may be entitled to an injunction against the threatened foreclosure. *Leavings v. Mills,* 175 S.W.3d 301, 310 (Tex. App. – Houston [1st Dist.], 2004, no pet.).

For these reasons, the Court finds that plaintiffs' petition states a claim for cognizable legal relief based on theories of wrongful foreclosure, trespass to try title and quiet title.

## 2. *Standing to Challenge Assignment of Security Interest*

Defendants argue alternatively that plaintiffs have no standing to challenge an assignment of the security interest because they were not parties to the assignment. In support of their argument defendants cite nine recent decisions from federal district courts in this state (six of which were issued by the same magistrate judge), which do indeed affirm that proposition.[9] However, none of these decisions cite any Texas case law or statute, and

---

[8] 6 Am. Jur.2d Assignments § 108 (assignee acquires no greater rights than were possessed by assignor). The Latin phrase is "Nemo dat quod non habet."

[9] *Eskridge v. Fed. Home Loan Mortgage Corp.,* 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011; *Spositi v. Fed. Nati'l Mortgage Ass'n,* 2011 WL 5977319, at *2-3 (E.D. Tex. Nov.3, 2011); *Malikyar v. BAC Home Loans Servicing, LP,.* 2011 WL 5837262, at *4 (E.D. Tex. Oct. 28, 2011); *Perry v. JP Morgan Chase,* 2011 WL 5837297, at *2-3 (E.D. Tex. Oct. 28, 2011); *Lackey v. Reliance Mortgage Co.,* 2011 WL 5838189, at *3-4 (E.D. Tex. Oct. 28, 2011);

all but one explicitly rely upon a single federal case, *Eskridge v. Fed. Home Loan Mortgage Corp,* 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011), which cites no authority at all, state or federal.

In fact, Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid.  *See Tri-Cities Const., Inc. v. American Nat. Ins. Co.,* 523 S.W. 2d 426, 430 (Tex. Civ. App. – Houston [1st Dist. 1975, no writ); *Glass v. Carpenter,* 330 S.W. 2d 530, 537 (Tex. Civ. App.– San Antonio 1959, writ ref'd n.r.e.).  The *Glass* court endorsed as authoritative the following summary of the rule, which still appears in the current version of Corpus Juris Secundum:

> A debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment, *any matters rendering the assignment absolutely invalid or ineffective,* and the lack of plaintiff's title or right to sue; but if the assignment is effective to pass legal title, the debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his or her shoes.

6A C.J.S. Assignments § 132 (database updated May 2012) (emphasis added).  The current edition of American Jurisprudence states the same rule more succinctly, while adding the rationale:

---

*Schieroni v. Deutsche Bank Nat'l Trust Co.,* 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011); *DeFrancheschi v. Wells Fargo Bank, N.A.* 2011 WL 3875338, at *5 (N.D. Tex. Aug. 31, 2011); *McAllister v. BAC Home Loans Servicing, LP,* 2011 WL 2200672, at *5 (E.D. Tex. April 28, 2011); *Adams v. Bank of America,* 2011 WL 5080217 , at *4 (E.D. Tex. Oct. 26, 2011). Defendants also rely on an unreported Sixth Circuit case, *Livonia Properties Holdings, LLC, v. 12840-12976 Farmington Road Holdings, LLC,* 2010 WL 4275305 (6th Cir. Oct. 28, 2010), but that case is inapposite because the lender there established chain of title based on public records.

> The obligor of an assigned claim may defend a suit brought by the assignee on any ground that renders the assignment void or invalid, but may not defend on any ground that renders the assignment voidable only, because the only interest or right that an obligor of a claim has in the assignment is to ensure that he or she will not have to pay the same claim twice.

6 Am.Jur. 2d Assignments § 119 (database updated May 2012).  Examples of "voidable" defenses include the statute of frauds, *Harding Co. v. Sendero Res., Inc.,* 2012 Tex.App. LEXIS 1754, *33 n.28  (Tex. App.– Texarkana 2012); fraud in the inducement, *Kansas Life Ins. Co. v. First Bank of Truscott,* 78 S.W. 2d 584, 587 (Tex. 1935); lack of capacity as a minor, *Dairyland County Mut. Ins. Co. v. Roman*, 498 S.W. 2d 154, 158 (Tex. 1973); and mutual mistake, *Chase, Inc., v. Bostick,* 551 S.W. 2d 116, 119 ( Tex. Civ. App. – Texarkana 1977, writ ref'd n.r.e.).

Plaintiffs here do not assert these or any other "voidable" defenses to Mellon's assignment.  Instead, plaintiffs assert that, standing alone, this single assignment from a third party is ineffective to establish a right to foreclose, because it does not show a proper assignment of the original security instrument to the third party.  Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to  foreclose. *See Martin v. New Century Mortgage Co.,* 2012 Tex. App. LEXIS 4705 (Tex. App Houston [1st Dist.] 2012)*; Austin v. Countrywide Home Loans,* 261 S.W. 3d 68 (Tex. App.– Houston[1st Dist.] 2008); *Leavings v. Mills,* 175 S.W. 3d 301 (Tex. App.– Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone,* 99 S.W. 3d 263 (Tex. App. – Eastland 2003); *Priesmeyer v. Pacific Southwest Bank, F.S.B.,* 917 S.W. 2d 937 (Tex. App. – Austin 1996).

Federal district courts in this state have also entertained chain of title claims by mortgage debtors challenging foreclosure proceedings. *See Millet v. JP Morgan Chase, N.A.,* 2012 WL 1029497, *4 (W.D. Tex. 2012); *Norwood v. Chase Home Finance LLC,* 2011 WL 197874 (W.D. Tex. 2011). Nor is Texas alone among non-judicial foreclosure states in permitting such suits. *U.S. Bank Nat'l Ass'n v. Ibanez,* 941 N.E. 2d 40, 53 (Mass. 2011).

Defendants' final (and weakest) argument is that homeowners like plaintiffs "will not be prejudiced" if the chain of assignments from original lender to foreclosing entity were immune to debtor challenge. After all, the argument apparently goes, the Millers owe the money to *somebody.* In truth, the potential prejudice is both plain and severe – foreclosure by the wrong entity does not discharge the homeowner's debt, and leaves them vulnerable to another action on the same note by the true creditor. Banks are neither private attorneys general nor bounty hunters, armed with a roving commission to seek out defaulting homeowners and take away their homes in satisfaction of some other bank's deed of trust. MasterCard has no right to sue for debts rung up on a Visa card, and that remains true even if MasterCard has been assigned the rights of another third party like American Express. Unless and until a complete chain of transactions back to the original lender is shown, MasterCard remains a stranger to the original transaction with no claim against the debtor. And that is a fair description of this case in its present posture.

In sum, a standing issue is lurking here, but only as to the defendants, not the plaintiffs. The court concludes that under Texas law homeowners have legal standing to

12

challenge the validity or effectiveness of any assignment or chain of assignments under which a party claims the right to foreclose on their property. Accordingly, plaintiffs have properly stated claims for declaratory and injunctive relief based on wrongful foreclosure, trespass to try title and quiet title.

3.    *Other claims*

Plaintiffs' state court petition includes a variety of other causes of action, all more or less centered upon the threatened foreclosure. These include breach of contract, tortious interference with existing contract, violations of the Texas Deceptive Trade Practices Act, statutory fraud/fraud in real estate, and violation of the federal Fair Debt Collection Practices Act. Plaintiffs have requested the opportunity to replead these claims in accordance with the federal rules. In light of the court's foregoing ruling, it may well be that some or all of these claims are now superfluous and need not be pursued. Rather than engage in an extended and possibly futile analysis of these vaguely pleaded claims, the court will simply order the plaintiffs to replead any of these claims they still wish to pursue, paying careful attention to Rule 11 of the Federal Rules of Civil Procedure as well as the substantive elements of these state and federal causes of action.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied. However, if plaintiffs intend to seek relief based on any claims other than wrongful foreclosure, trespass to try title and quiet title, they are directed to file an amended complaint asserting such claims

13

on or before September 7, 2012.

Signed at Houston, Texas on August 8, 2012.

Stephen Wm. Smith
United States Magistrate Judge

14